# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**PEYTON HOPSON,**

                    **Plaintiff,**

         **v.**

**HON. SARAH LIOI,**

                    **Defendant.**

**Case No. 2:21-cv-2784**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Plaintiff Peyton Hopson, an inmate at Belmont Correctional Institution ("BCI") who is proceeding *pro se*, filed his Complaint (Doc. 1-1), along with a Motion for Leave to Proceed *in forma pauperis* (Doc. 1), in the United States District Court for the Southern District of Ohio, Eastern Division. Having preformed the initial screen of the Complaint, pursuant to 28 U.S.C. § 1915A, the Undersigned **RECOMMENDS** that the Motion to proceed *in forma pauperis* be **DENIED** and that the Complaint be **DISMISSED**.

## I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1)–(2) (Doc. 1), the Undersigned **RECOMMENDS** that the Motion be **DENIED**. Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee. However, under the Prison Litigation Reform Act of 1996 ("PLRA"), an incarcerated plaintiff may not proceed *in forma pauperis* when, on three or more prior occasions, a complaint "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

§ 1915(g). This is commonly known as the "three-strikes rule." *Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021). Hopson previously filed two cases in the Northern District of Ohio, *Hopson v. Stark Cnty. Sheriff's Office*, No. 5:15-cv-992, and *Hopson v. Stark Cnty.*, No. 5-16-cv-621, which were dismissed under 28 U.S.C. § 1915A for failure to state a claim and on *res judicata* grounds, respectively (No. 5:15-cv-992, Doc. 8; No. 5:16-cv-621, Doc. 5). Plaintiff has also previously filed a case in this Court, *Hopson v. Hunt*, which was dismissed on the grounds of quasi-judicial immunity and expiration of the statute of limitations (No. 2:20-cv-4751, Doc. 5). As there is nothing in the instant Complaint suggesting that Plaintiff is "under imminent danger of serious physical injury[,]" 28 U.S.C. § 1915(g), he cannot meet the exception to the rule.

Consequently, it is **RECOMMENDED** that Plaintiff be required to pay the full $402 filing and administrative fee within thirty days of the adoption of this Report or other Order from this Court. Plaintiff should be notified his failure to pay the full fee within the requisite thirty-day period will result in the dismissal of his action. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

## II.     BACKGROUND

Although not a model of clarity, the Undersigned derives the following allegations from Plaintiff's Complaint. Petitioner filed a petition for writ of habeas corpus against the BCI Warden in this Court in the related case of *Hopson v. Gray*, No. 2:21-cv-1380, on March 29, 2021. The undersigned transferred the case under 28 U.S.C. § 1404(a) to the Northern District, Eastern Division, at Akron on March 30, 2021 (Order, No. 2:21-cv-1380, Doc. 1, PageID 1). In his petition, Hopson raised a single Eighth Amendment claim arising from the Warden's alleged refusal to provide "standard curative treatment of Petitioner's Hepatitis C viral infection." (Doc. 1-1, at PageID 18). The Warden failed to respond to Hopson's petition by the supposed deadline of April 22, 2021, and Defendant Sara Lioi, District Judge for the Northern District of Ohio, to

whom the petition was assigned upon transfer, undertook no action to compel a response. *Id*. at PageID 19.

As his sole Ground for Relief in the instant Complaint, Plaintiff has raised an Eighth Amendment deliberate indifference claim against Judge Lioi for the Warden's failure to provide medical care (Doc. 1-1, at PageID 19). He claims that by not ordering the Warden to respond to his previous petition, Judge Lioi has effectively deprived him of adequate medical care. (*Id*. at PageID 19-20). Plaintiff argues that because Judge Lioi failed to act, judicial immunity does not apply. (*Id*. at PageID 22 (citing *State, for Use of Little v. United States Fidelity & Guaranty Corp.*, 64 So.2d 697, 703 (Miss. 1953)). He seeks monetary damages from Judge Lioi. (*Id*. at PageID 23).

## III.   LEGAL STANDARD

"District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee . . . as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Accordingly, the Court must dismiss the complaint, or any portion of it, that "is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Att'y Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "'indisputably meritless'" legal theories underlie the complaint, or when a complaint "relies on 'fantastic or delusional' allegations." *Id*. (quoting *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Still, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429-30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## IV.    DISCUSSION

### A.    Failure to State a Claim

As Judge Lioi is a federal employee, Plaintiff's claim arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. "Generally, the standards of liability in *Bivens* actions are similar to the standards under § 1983. Both the Supreme Court and this Court have noted that actions brought under § 1983 raise identical concerns as those raised in *Bivens* actions." *Hammons v. Norfolk S. Corp*., 156 F.3d 701, 707 (6th Cir. 1998), *abrogated on other grounds by Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001), citing *Butz v. Economou*, 438 U.S. 478, 500 (1978).

> Given § 1983's roots in the common law of torts, the Supreme Court has instructed us to "look first" to longstanding tort principles when defining the contours of a § 1983 claim. Two traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.

*Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) (citing *Manuel v. City of Joliet*, ___ U.S. ____ 137 S.Ct. 911, 920 (2017); *Filarsky v. Delia*, 566 U.S. 377, 380 (2012)).  Here, the cause of the alleged harm is not anything done by Judge Lioi, but by the Warden's failure to respond to his petition; this failure cannot be imputed to Judge Lioi.  Further, the Southern District is not the proper Court in which to seek redress.  The proper action to obtain expedited consideration of Plaintiff's habeas petition (*see* Doc. 1-1, at PageID 18), would be for Plaintiff to file a motion to compel response or for default judgment against the Warden in the Northern District, where the case is pending.  Indeed, if Plaintiff had adequately stated a claim against Judge Lioi, the Undersigned would have ordered the instant case transferred to the Northern District under 28 U.S.C. § 1404(a).

### B.      Immunity

Even if Judge Lioi were a proper Defendant, Plaintiff's Complaint would still be unavailing, as Judge Lioi is immune from suit.  *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967).  As discussed above, Plaintiff argues that Judge Lioi's failure to compel response is a failure to act, which he claims is not entitled to judicial immunity (Doc. 1-1, at PageID 22, quoting *Little*, 64 So.2d at 703).  *Little*, however, involved a justice of the peace acting where he lacked jurisdiction.  Here, Plaintiff does not—and cannot reasonably—allege that Judge Lioi lacks jurisdiction.  Further, Judge Lioi not yet ordering the Warden to respond to the Petition is most appropriately categorized as docket management, and it is well-established that management of a case docket is a judicial act entitled to immunity.  *Lowe v. Letsinger*, 772 F.2d 308, 312 (6th Cir. 1985).  Thus, Plaintiff has no viable cause of action against Judge Lioi.

## V.      CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* be **DENIED**.  Plaintiff should be required to pay the entire $402 fee within thirty days of the filing of an Order adopting that portion of the Report and Recommendation.  Having preformed the initial screen pursuant to 28 U.S.C § 1915A, the Undersigned **RECOMMENDS** that Plaintiff's Complaint against Judge Lioi be **DISMISSED** for failure to state a claim upon which relief can be granted.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: June 30, 2021                     /s/Kimberly A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE