UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PEYTON HOPSON,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-2784 |
| | : | |
| v. | : | Chief Judge ALGENON L. MARBLEY |
| | : | |
| **HON. SARAH LIOI,** | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

**ORDER**

Plaintiff Peyton Hopson, an inmate at Belmont Correctional Institution ("BCI") who is proceeding *pro se*, filed his Complaint (ECF No. 1-1), along with a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), in the United States District Court for the Southern District of Ohio, Eastern Division. In the initial screen of the Complaint, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that the Motion to proceed *in forma pauperis* be denied and that the Complaint be dismissed (Report and Recommendation, ECF No. 4.) Plaintiff filed Objections (ECF No. 6.) For the reasons set forth below, the Report is **ADOPTED**, and Plaintiff's Motion for Leave is **DENIED**.

**I.     ANALYSIS**

The Magistrate Judge recommended denying the Motion on the grounds that Plaintiff has three strikes under the Prison Litigation Reform Act of 1996—that is, he has had three civil cases dismissed as frivolous, malicious, or failing to state a claim (Report, ECF No. 4, PageID 53-54 (citations omitted).) Thus, he cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." (*Id*., quoting 28 U.S.C. § 1915(g).) Plaintiff does not

specifically address this portion of the Report in his Objections, which would normally operate as a waiver of any objection. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). However, he states that his hepatitis C, the subject of his petition for writ of habeas corpus pending in the Northern District of Ohio, is a "progressive" disease requiring immediate treatment (Objections, ECF No. 6, PageID 89.) Construing his Objections liberally, as the Court must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the Court interprets this portion of his Objections as objecting to the denial of the Motion for Leave.

The phrases "imminent danger" and "serious physical injury" in 28 U.S.C. § 1915(g) are not otherwise defined in the statute, but chronic conditions such as hepatitis C generally do not meet the criteria. *See, e.g.*, *Harris v. Nink*, No. 2:13-cv-304, 2013 WL 4777187, at *1 (S.D. Ohio Sept. 5, 2013) (Graham, J.) (finding that the plaintiff dealing with hemorrhoids for eight years "belies his assertion that any potential physical injury is 'imminent' and 'serious' within the meaning of § 1915(g)."); *Freeman v. Mohr*, No. 1:12-cv-679, 2012 WL 4813860, at * 2 (S.D. Ohio Sept. 20, 2012) (Litkovitz, Mag. J.), *report and recommendation adopted at* 2012 WL 4808573 (S.D. Ohio Oct. 10, 2012) (Spiegel, J.) (finding that an injury had to be "imminent" or "impending" to come within the exception). While Plaintiff claims that his hepatitis C puts him at "daily increasing risk of substantial harm[,]" (Objections, ECF No. 6, PageID 93, citing *Roe v. Elyea*, 631 F.3d 843, 862 (6th Cir. 2011)), that risk is insufficient to be considered "imminent" or "impending" under the plain language of the statute or under caselaw.[1] Thus, having not met the exception to the three strikes rule, Plaintiff may not proceed *in forma pauperis*.[2]

---

[1] *Roe* concerned whether hepatitis C constituted a serious medical condition in support of a deliberate indifference claim. 631 F.3d at 862.

[2] As the Motion for Leave is denied, the Court at this point need not address the portion of the Report recommending that the Complaint be denied on its merits (ECF No. 4, PageID 56-57.) If Plaintiff pays the full filing fee, then the Court will issue a separate order addressing that portion of the Report and Plaintiff's Objections thereto.

## II. CONCLUSION

For the foregoing reasons, the Report (ECF No. 4) is **ADOPTED** and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**. Plaintiff must pay the full $402 filing fee within thirty days of this Order. Failure to do so will result in dismissal of this action.

**IT IS SO ORDERED.**

Date: November 16, 2021

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE