UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PEYTON HOPSON,**

                    **Plaintiff,**

v.

**HON. SARA LIOI,**

                    **Defendant.**

Case No. 2:21-cv-2784
Chief Judge ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Plaintiff Peyton Hopson, an inmate at Belmont Correctional Institution ("BCI") who is proceeding *pro se*, filed his Complaint (ECF No. 1-1), in the United States District Court for the Southern District of Ohio, Eastern Division. In the initial screen of the Complaint, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that the Complaint be dismissed (Report and Recommendation, ECF No. 4.) Plaintiff filed Objections (ECF No. 6.) For the reasons set forth below, the Report is **ADOPTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND AND ANALYSIS

The Magistrate Judge correctly set forth the factual background and procedural history in the Report (ECF No. 4, PageID 54-55), and Plaintiff does not object to that recitation, which the Court adopts by reference.[1] Subsequent to the issuance of the Report, which recommended dismissal unless Plaintiff paid the filing fee (*id.* at PageID 53-54), and Plaintiff's Objections,

---

[1] Additionally, after filing the Objections, Petitioner filed a Motion for Recusal of Judge Lioi as to his emergency petition (ECF No 8); Motion to Proceed to Judgment (ECF No. 13); Motion for Consideration of Medical Opinions (ECF No. 14); and Motion for Relief from Judgment (ECF No. 16.) As Plaintiff's Complaint is being dismissed and judgment is being entered against him, these auxiliary motions are denied as moot.

Plaintiff paid the full filing fee, making the case ripe for decision on the merits (Order, ECF No. 11, PageID 120 n.2.)

The Magistrate Judge recommended denying the Complaint for failure to state a claim, concluding that Plaintiff's injury was proximately caused not by Defendant Judge Sara Lioi's inaction, but by the Warden's failure to respond to Plaintiff's emergency petition—a failure which could not be imputed to Judge Lioi (Report, ECF No. 4, PageID 56-57, quoting *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020).) In his Objections, Plaintiff again claims that Judge Lioi had set a deadline to adjudicate Plaintiff's emergency petition no later than April 22, 2021 (Objections, ECF No. 6, PageID 90, citing Ex. 1, ECF No. 6, PageID 99.) The docket deadlines attached by Plaintiff simply state: "Response due, Due/Set: 4/22/2021." (Ex. 1, ECF No. 6, PageID 99.) It is axiomatic that the appropriate warden, not a federal District Judge, responds to petitions for writ of habeas corpus. Thus, as it was the BCI Warden, and not Judge Lioi, who had the duty to respond, the alleged injury—Plaintiff's hepatitis C not being treated (Objections, ECF No. 6, PageID 90-91)—was not proximately caused by Judge Lioi. As Plaintiff has failed to state a claim against Judge Lioi, his Complaint must be dismissed for that reason alone.[2]

Also, the Magistrate Judge concluded that Judge Lioi was entitled to judicial immunity, as any decision by Judge Lioi not to compel the Warden to respond to Plaintiff's petition was properly characterized as docket management, an aspect of a judge's job that fits within the well-established absolute immunity from suit for judges (Report, ECF No. 4, PageID 57, citing *Lowe v. Letsinger*, 772 F.2d 308, 312 (6th Cir. 1985).) Plaintiff objects that Judge Lioi's refusal to issue an order or

---

[2] Additionally, the Magistrate Judge is correct that venue in the Southern District of Ohio is improper, as any action to obtain the relief sought by Plaintiff would have to be filed in the Northern District of Ohio, where his habeas corpus petition is pending (Report, ECF No. 4, PageID 57.)

directive as to the petition was "idle time" to which no immunity attached (Objections, ECF No. 6, PageID 92, citing *Jackson v. Vescovo*, No. 15-cv-02774-JDT-tmp, 2016 U.S. Dist. LEXIS 23827 (W.D. Tenn. Jan. 27, 2016), *report and recommendation adopted at* 2016 U.S. Dist. LEXIS 23526 (W.D. Tenn. Feb. 26, 2016).) "Judge Lioi's failure to expeditiously adjudicate Hopson's emergency petition for immediate release, in the face of a Deadline date Directive, absolutely served no judicial function." (*Id.*, citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).) *Jackson* is readily distinguishable, as the plaintiff sought money damages against a Magistrate Judge for repeated reports and recommendations recommending dismissal of her petitions. 2016 U.S. Dist. LEXIS 23827, *8-9. Moreover, *Jackson* merely set forth the two exceptions to judicial immunity: "(1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides." *Id.* at *11-12, citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). It certainly does not stand for the proposition that Plaintiff advances: that any time not actively spent on judicial work is considered "idle time" to which absolute immunity does not attach. Similarly, *Johnson* set forth the well-established principle that is the nature and function of the act, rather than the act itself, that is dispositive as to whether immunity attaches. 125 F.3d at 333, citing *Mireles*, 502 U.S. at 13. Contrary to Plaintiff's argument that Judge Lioi's failure to adjudicate "absolutely served no judicial function[,]" (Objections, ECF No. 6, PageID 92), the Magistrate Judge was correct that Judge Lioi was engaged in docket management, a judicial function.

Plaintiff next objects that the Magistrate Judge's reliance on *Lowe* was misplaced, as it "gives no indication that it deals with a life-threatening issue. Furthermore, *Lowe v. Letsinger*, gives no indication that the judge was under a Directive to act by a specified Deadline date as in

3

the instant matter." (Objections, ECF No. 6, PageID 92.) Petitioner misinterprets the docket in his habeas petition, which is most appropriately read as the *Warden* having a deadline by which to act, not *Judge Lioi*. (Ex. 1, ECF No. 6, PageID 99.) Moreover, *Lowe* cannot be reasonably read as Plaintiff urges: that the supposedly life-threatening nature of his hepatitis C infection divests Judge Lioi of her nearly-unfettered discretion to manage her docket.

Plaintiff notes that "the ordinary course of legal proceedings and the constant duty of all judges to discharge their duties with diligence and precision cannot be suspended," *In re Blogett*, 502 U.S. 236, 239 (1992), and directs the Court to three petitions filed by prisoners relating to COVID-19 that were allegedly adjudicated the same day they were filed (Objections, ECF No. 6, PageID 93, citing *Johnson v. Williams*, No. 4:20-cv-1325, 2020 U.S. Dist. LEXIS 196140 (N.D. Ohio Oct. 22, 2020); *Malam v. Adducci*, No. 20-10829, 2020 U.S. Dist. LEXIS 62405 (E.D. Mich. Apr. 9, 2020); *Bronson v. Carvaljal*, No. 4:20-cv-914, 2020 U.S. Dist. LEXIS 76925 (N.D. Ohio May 1, 2020.) Plaintiff misinterprets what he is reading on LEXIS; the "filed" date listed is not the date on which the *petition* was filed, but the date on which the *decision* was filed—*i.e.*, docketed by the court. The decision in *Johnson*, for example, was filed more than four months after the initial petition was filed (Petition, No. 4:20-cv-1325, ECF No. 1 (Jun. 18, 2020).) These decisions certainly do not compel a district judge, at the risk of losing immunity, to adjudicate immediately a petition on what may be a serious medical condition. Thus, Judge Lioi is absolutely immune from suit, and the Complaint must be dismissed on this ground as well.

## II. CONCLUSION

For the foregoing reasons, the Report (ECF No. 4) is **ADOPTED**, and Plaintiff's Objections (ECF No. 6) are **OVERRULED**. Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED**

4

**WITH PREJUDICE.** Plaintiff's auxiliary motions (ECF Nos. 8, 13, 14, 16) are **DENIED AS MOOT.** Judgment shall enter in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

DATED: March 9, 2022